[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action in which defendant, Christopher J. McCormack, filed an application for protection from foreclosure, plaintiff objects to the application on two grounds: (1) the application was made more than fifteen days after the return day, in violation of Conn. Gen. Stats.49-31e(b); and (2) defendant filed an answer and defense, in CT Page 867 violation of 49-31f(g).
The facts are as follows: The return day of this action is November 5, 1991. Defendant filed his application from protection from foreclosure on November 20, 1991. This is within fifteen days of the November 5, 1991 return day so plaintiff's first objection is without merit.
Plaintiff's complaint is in two counts: the first count alleges a note and mortgage deed executed by defendant McCormack in favor of Sanborn Corporation, which were assigned to plaintiff, ownership of note and mortgage by plaintiff, defendant's default of an installment of principal and interest on May 1, 1991, plaintiff's exercise of the option of acceleration of the debt, subsequent conveyance by defendant McCormack of a one-half interest in the property to defendants William J. and Candace C. O'Brien, and a subsequent mortgage encumbrance. The second count alleges the conveyance by defendant McCormack to defendants William J. and Candace C. O'Brien was made to avoid the debt owed the plaintiff and in accepting the conveyance defendants O'Brien aided, abetted and conspired with defendant McCormack for that purpose.
On December 5, 1991 defendant McCormack, per se, filed an answer admitting the allegations of the first count and interposed a special defense to the second count denying an intent to conspire to avoid repayment of the debt.
In its complaint plaintiff seeks a foreclosure of the mortgage and other foreclosure relief clearly based upon allegations of the first count, and an order that the conveyance to defendants O'Brien be set aside and a declaration that it be declared null and void as to plaintiff clearly based on allegations of the second count.
Section 49-31f (g) provides: "No homeowner who files a defense to any action for foreclosure shall be eligible to make application for protection from such foreclosure pursuant to the provisions of this section."
In this case, defendant McCormack filed his application for protection on November 20, 1991 and his answer on December 5, 1991. Reading 49-31f(g) literally defendant McCormack was eligible to file his application because it was filed before his answer. An answer filed later may be to avoid a default being entered against the defendant for failure to plead during the pendency of the application and should not be held to vitiate the application pursuant to 49-31f (g).
Moreover in this case defendant McCormack interposed no CT Page 868 defense to the plaintiff's first count for foreclosure; his defense was as to the second count for fraudulent conveyance. Thus 49-31f(g) does not bar the plaintiff's application for protection.
Defendant's objection to plaintiff's application is overruled. This court will hear the application on its merits.
R. SATTER STATE TRIAL REFEREE